# HANNAH

### *v.*

## CLARKE, &c.

*(Supreme Court of Appeals of Virginia, November, 1878.)*

[Virginia Law Journal, 1878, p. 103.]

**Riparian Owners—Contract as to Use of Water—Transfer of Right —Effect—Case at Bar.**

For many years Erwin owned a grist-mill and Hannah a saw-mill, both of which were propelled by water power, the water taken from the same dam, and when there was not sufficient water in the dam to propel both, the grist-mill had the preference in the use of it. In 1851, Erwin sold the grist-mill, with the preference to a certain quantity of water, to Clarke, Miller & Hall, and they changed the grist-mill to a paper-mill, and changed the water wheels from breast to overshot wheels, which required taking the water from the dam on a higher level. Soon after the fitting up of the paper-mill, Clarke, Miller & Hall filed their bill against Hannah and Erwin, alleging that Hannah was running his saw-mill so as to interfere with the working of their paper-mill, and praying for an injunction to restrain him from so doing, and Hannah replied that Clarke, &c., were using more water in running their paper-mill than was used in running the grist-mill, or conveyed to them by Erwin. The circuit court dismissed the bill, as to Erwin, and perpetuated the injunction as to Hannah, but without prejudice to his right to sue at law, &c., and thereupon Hannah applied for and obtained an appeal from said decree: *held*:

**Same—Same—Same—Same.**

1. That the relative rights of the respective proprietors of the grist and saw-mills, to the water power, continued the same after the sale to Clarke, &c., that they were before the sale.

**Same—Same—Same—Case at Bar.**

2. Clarke, &c., had a right to convert their grist-mill into a paper-mill, and were entitled to the same priority over the

owners of the saw-mill in the use of the water power for the operation of the paper-mill, to which they were previously entitled in the use of the water power for the operation of the grist-mill; but to no greater extent.

Equity Jurisdiction—Case at Bar.

3. The case is one for the equitable jurisdiction of the court, and the court should proceed to ascertain, define and settle the rights of the parties to the use of the said water power.

From the circuit court of Augusta county.

*Hugh W. Sheffey*, for the appellant.

—— ——, for the appellees.

MONCURE, P., read the decree of the court, in which the other judges concurred.

Decree reversed.